CROSSAN *v.* WOOD.[1]

(*District Court, S. D. New York.* November 19, 1890.)

WHARVES AND WHARFINGERS—CONCEALED OBSTRUCTIONS—LIABILITY TO VESSEL.
    In a suit against a wharfinger for damages alleged to have been occasioned to a vessel at the wharf by reason of obstructions under the water, the fact of the existence of such obstructions, and that the damage was occasioned by them, must be clearly proved before the ship-owner can recover.

In Admiralty. Suit against a wharfinger for damage occasioned to libelant's vessel by reason of alleged obstructions at wharf.

*Wilcox, Adams & Macklin,* for libelant.

*R. H. Underhill,* for respondent.

BROWN, J. On the night of July 21, 1888, the libelant's canal-boat Cora Bell was lying alongside the respondent's coal dock in an arm of Gowanus canal. She was damaged, as the libelant contends, by being caught at the bows, as the tide went down, upon some obstruction consisting of rocks or timbers under the water at the upper end of respondent's dock. The boat had been made fast at high tide early in the evening by three lines, with about three feet slack, as stated by the captain of the boat. The tide fell about five feet. At about 2 o'clock at night, the boat was found to have a list to starboard. The bowline was broken, and the bows somewhat elevated, as the captain says, while the other lines held fast. When the tide rose again, she righted, but leaked badly, and, after the coal was discharged, upon survey, was pronounced so badly sprung and twisted as to be practically of no value. The boat was an old one. There were heavy piles driven about 10 feet apart in front of the wharf to serve as fenders. Immediately adjacent to the wharf, there was some accumulation of coal dropped in the discharge of vessels, and it was usual for boats to breast off from the fenders a foot or two in lying up. The great weight of evidence is to the effect that there were no obstructions at the bow such as the libelant contends were there. The bottom was soft mud, with the exception of a little coal immediately adjacent to the wharf, and vessels of the same draught as the Cora Bell, or of greater draught, were in the habit of lying there, discharging at all times of tide without injury. In all the cases where the dock-owner has been held liable for obstructions, the primary fact of the existence of the obstructions alleged, and that the damage arose from that cause, has been clearly proved. *Manhattan Transp. Co.* v. *Mayor, etc.,* 37 Fed. Rep. 160; *Smith* v. *Havemeyer,* 32 Fed. Rep. 844, affirmed, 36 Fed. Rep. 927. I cannot find that this has been established in the present case, and, that wanting, no decree can be given for the libelant. The breaking of the bowline is of itself sufficient evidence that sufficient slack was not given in tying up for the night; and, as the other two lines held, that would

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

seem to account for the list and the consequent injury through the twist and strain resulting to so old a boat. See *Nelson · v. Chemical Works*, 7 Ben. 37. The libel is dismissed.